## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

IN RE:                                )
                                      )        CASE NO. 17-41755-PWB
    Joshua R. Rymer and                )
    Amber L. Rymer,                    )
                                      )        CHAPTER 13
        Debtors.                )

## NOTICE OF FILING OF MODIFICATION OF CONFIRMED PLAN, DEADLINE FOR FILING WRITTEN OBJECTIONS AND HEARING DATE AND TIME IF OBJECTION IS TIMELY FILED

**To: Creditors and Other Parties in Interest**

**PLEASE TAKE NOTICE** that the Debtors have filed a proposed modification to the confirmed plan in this case, a copy of which modification you are receiving with this Notice or have recently received by mail. Pursuant to Rule 3015(g) of the Federal Rules of Bankruptcy Procedure, any creditor or other party in interest opposing this proposed modification must file that objection in writing with the Court on or before the following deadline.

**DEADLINE FOR FILING OBJECTION:** Twenty-four (24) days after the date on which this proposed Modification was filed. The proposed Modification was filed on **June 4, 2020**. If the twenty-fourth day after the date of filing falls on a weekend or holiday, the deadline is extended to the next business day.

        **PLACE OF FILING:**        Clerk, United States Bankruptcy Court
        Room 339
        600 East First Street
        Rome, Georgia 30161-3187

If you mail an objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the deadline stated above.

    You must also serve a copy on the undersigned at the address stated below and on the Debtor at: 2123 Hwy 225 N, Chatsworth, GA 30705.

    **PLEASE TAKE FURTHER NOTICE** that if an objection to the proposed Modification is timely filed, the Court will hold a hearing on the Modification on **July 1, 2020 at 9:50 a.m. in Courtroom 342, U.S. Courthouse, 600 East First Street, Rome, GA**. **If no objection is timely filed, the Court may approve the proposed Modification without further notice or hearing.**

**Dated:**  June 4, 2020

/s/_____
Dan Saeger, Attorney for Debtors
Georgia Bar No. 680628
SAEGER & ASSOCIATES, LLC
706 S Thornton Ave. Ste. D
Dalton, GA 30720
(P) 706-529-5566
(F) 706-529-3775
dan@whitfieldcountylaw.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 17-41755-PWB |
| Joshua R. Rymer and | ) | |
| Amber L. Rymer, | ) | |
| | ) | CHAPTER 13 |
| Debtors. | ) | |

**AMENDED CHAPTER 13 PLAN COVER SHEET**

1.  Amended to surrender the collateral to OneMain Financial Services, Inc. because

    repairs to the vehicle will be very expensive.


    This 4th day of June, 2020.


/s/_____
Dan Saeger
SAEGER & ASSOCIATES, LLC
706 S Thornton Ave. Ste. D
Dalton, GA 30720
(P) 706-529-5566
(F) 706-529-3775
dan@whitfieldcountylaw.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **IN RE** | ) | **Case No: 17-41755-PWB** |
| | ) | |
| **Joshua Ray Rymer and** | ) | |
| **Amber LaShae Rymer,** | ) | **Chapter 13** |
| | ) | |
| Debtors | ) | |

**AMENDED CHAPTER 13 PLAN**

Extension    ☐                                                    Composition ☒

　　　You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income**.  Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.**  Debtor will pay the sum of **$_275___** monthly to Trustee by [XXX] Payroll Deduction(s) or by **[ ] Direct Payment(s)** for the applicable commitment period of **36 months**, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months.  *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4).  Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

　　　The following alternative provision will apply if selected:

　　___ IF CHECKED, Plan payments will increase by $_$170_____,  upon completion or termination of _lease with Progressive Leasing on 5/2018_____.

3. **Claims Generally.  The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.**  An allowed proof of claim will be controlling, unless the Court orders otherwise.  Objections to claims may be filed before or after confirmation.

4. **Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or

expense has agreed to a different treatment of its claim.

(A)      **Trustee's Fees**. The Trustee shall receive a statutory fee in an amount established by the Attorney General and the United States Trustee.

(B)  **Debtor's Attorneys' Fees**. Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of **$_3,500____** for the services identified in the Rule 2016(b)
disclosure statement filed in this case. The amount of **$_0____** was paid prior to the filing of the case. The Trustee shall disburse the unpaid amount of the fee,
**$_3,500____**, as allowed under General Order 18-2015, as follows: (1) Upon the first disbursement following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the funds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to **$_3,500____** after the payment of any payments under 11 U.S.C. § 1326(a)(1)(B) or (C) and administrative fees. The remaining balance of the fees shall be paid up to **$_158___** per month until the fees are paid in full; (2) If the case is converted prior to confirmation of the plan, Debtor directs the Trustee to pay fees to Debtor's attorney from the funds available of **$2,000** (amount not to exceed $2,000.00); (3) If the case is dismissed prior to confirmation of the plan, fees for Debtor's attorney of **$2,000** as set forth on the 2016(b) disclosure statement (amount not to exceed $2,000) are allowed pursuant to General Order 18-2015 and shall be paid by the Trustee from the funds available without a fee application. Debtor's attorney may file a fee application for fees sought over $2,000.00 within 10 days of the Order of Dismissal; (4) If the case is converted after confirmation of the plan, Debtor directs the Trustee to pay to Debtor's attorney from the funds available, any allowed fees which are unpaid; and (5) If the case is dismissed after confirmation of the plan, Trustee shall pay to Debtor's attorney from the funds available, any allowed fees which are unpaid.

5. **Priority Claims**.

(A)  **Domestic Support Obligations**.

  _xxx___   None.  If none, skip to Plan paragraph 5(B).

(i)    Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim. Debtor authorizes and agrees that any post-petition domestic support obligation payments may be paid through a state or superior court income deduction order.  Further, DCSS may utilize review and modification procedures of the domestic support obligation when allowed under state law, as detailed in 11 U.S.C. § 362(b)(2).

(ii)    The name(s) and address(es) of the holder of any domestic support obligation are as follows.  See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

(iii)   Anticipated Domestic Support Obligation Arrearage Claims

(a)  Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2).  These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

___xxx___  None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage<br>claim | (c)<br>Projected monthly<br>arrearage payment |
|---|---|---|
|  |  |  |

(b)  Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

___xxx___  None; or

Claimant and proposed treatment:

(B)  **Other Priority Claims (e.g., tax claims)**.  These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
|  |  |
|  |  |

6.  **Secured Claims**.

(A)  **Claims Secured by Personal Property Which Debtor Intends to Retain**.

(i)   **Pre-confirmation adequate protection payments**.  No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection.  If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

Debtor shall make the following adequate protection payments:

_____ directly to the creditor; or

___xxx___ to the Trustee pending confirmation of the plan.

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Adequate protection<br>payment amount |
|---|---|---|
| One Main Financial | 2004 Ford F150 | $50 |
| Lendmark | Coleman Sedona Camper | $50 |

(ii) **Post confirmation payments**.  Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b).  If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a)  **Claims to Which § 506 Valuation is NOT Applicable**.  Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5).  After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e).  Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court.  Payments distributed by the Trustee are subject to the availability of funds.

___xxx___ None; or

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Purchase<br>date | (d)<br>Claim<br>amount | (e)<br>Interest<br>rate | (f)<br>Monthly payment |
|---|---|---|---|---|---|
| Lendmark | Coleman Sedona Camper | 1/2015 | $4,884 | 4.25 | $27, step to $74 on 5/2018, step to $214 on 7/2019 |
| | | | | | |

(b)  **Claims to Which § 506 Valuation is Applicable**.  Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a).  After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as

4

stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e).  The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim.   Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

___xxx___  None; or

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Purchase date | (d)<br>Replacement value | (e)<br>Interest rate | (f)<br>Monthly payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

(B)   **Claims Secured by Real Property Which Debtor Intends to Retain**. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due.  These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full.   Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a)<br>Creditor | (b)<br>Property description | (c)<br>Estimated pre-petition arrearage | (d)<br>Projected monthly arrearage payment |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

(C)  **Surrender of Collateral**. Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured.   Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c).   Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral.

5

Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a)<br>Creditor | (b)<br>Collateral to be surrendered |
|---|---|
| **OneMain Financial Services** | **2004 Ford F150** |
|  |  |
|  |  |

       (D) **Mortgage Claims Secured by Residential Real Property Which Debtor Seeks to have Modified to General, Non-Priority Unsecured pursuant to 11 U.S.C. § 506 and 11 U.S.C § 1322(b)(2).**
If an order is entered modifying the below creditor's claim to a general, non-priority unsecured claim, said claim shall be treated as a general, non-priority unsecured claim and upon discharge creditor's lien shall be declared void.

This provision shall apply to the following creditor(s):

| (a)<br>Creditor | (b)<br>Amount | (c)<br>Mortgage Lien position |
|---|---|---|
|  |  |  |
|  |  |  |

7.  **Unsecured Claims**. Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is **$_29,315____**.   After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of **$0 or 0%,** whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8.  **Executory Contracts and Unexpired Leases**.  The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

      Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors.  All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

____ None; or

| (a)<br>Creditor | (b)<br>Nature of lease or executory contract | (c)<br>Payment to be paid directly by Debtor | (d)<br>Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
| Progressive Leasing | Lease for furniture | $170 | $0 |
|  |  |  |  |

9.  **Property of the Estate**.  Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10.  **Other Provisions**:

(A)    **Special classes of unsecured claims**.

(B)    **Other direct payments to creditors**.

(C)    Any fees, expenses and charges asserted under Fed. Bankr. P. 3002.1(c) are not to be funded through the Chapter 13 plan and that Debtors will pay these post-petition expenses outside the plan unless the Court has disallowed them on a Motion filed under Fed. R. Bankr. P. 3002.1(e).

(D)    Other allowed secured claims: A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with 3.25% interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(a), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

(E)    Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f): The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:

7

(F)     Student loans shall be deferred for the life of the case.

Dated: June 4, 2020

/s/_____**Joshua Ray Rymer**_____
Joshua Ray Rymer, Debtor

/s/_____**Amber LaShae Rymer**_____
Amber LaShae Rymer, Debtor

/s/__ **Dan Saeger** _____
Dan Saeger
SAEGER & ASSOCIATES, LLC
706 S Fulton Ave Ste D
Dalton, GA 30720
706-529-5566
dan@whitfieldcountylaw.com

## CERTIFICATE OF SERVICE

I certify that true and correct copies of Debtor's **Post-Confirmation Amendment to the Chapter 13 Plan and Notice of Filing of Modification of Confirmed Plan, Deadline for Filing Written Objections and Hearing Date and Time if Objection is Timely Filed** have been served upon the following by placing same in an envelope with adequate First Class postage affixed and depositing same in the United States Mail addressed for delivery to:

All parties and creditors on the attached matrix.

This 4th day of June, 2020.

/s/_____
Dan Saeger
Attorney for Debtor
Georgia Bar No. 680628

SAEGER & ASSOCIATES, LLC
706 S Thornton Ave. Ste. D
Dalton, GA 30720
(P) 706-529-5566
(F) 706-529-3775
dan@whitfieldcountylaw.com

```
Label Matrix for local noticing        Affirm                                  Patti H. Bass
113E-4                                  c/o Cross River Bank                    Bass & Associates, PC
Case 17-41755-pwb                       400 Kelby St Ste 14                     Suite 200
Northern District of Georgia            Fort Lee, NJ  07024-2938                3936 E. Ft. Lowell Road
Rome                                                                            Tucson, AZ 85712-1083
Thu Jun  4 15:46:49 EDT 2020

Bill Me Later, Inc.                     Capital One Bank                        Capital One Retail Services / Justice
c/o Weinstein & Riley, PS               PO Box 30281                            PO Box 4144
2001 Western Ave., Ste. 400             Salt Lake City, UT  84130-0281          Carol Stream, IL  60197-4144
Seattle, WA 98121-3132


Cavalry SPV I, LLC                      Cavalry SPV I, LLC                      Comenity Bank / Children's Place
Bass & Associates, P.C.                 c/o Bass & Associates, P.C.             PO Box 182789
3936 E. Ft. Lowell Rd., Suite #200      3936 E. Ft. Lowell Rd., Suite 200       Columbus, OH  43218-2789
Tucson, AZ 85712-1083                   Tucson, AZ 85712-1083


Comenity Bank/Victoria Secret           Comenity Capital Bank/Paypal Credit     Erica Ann Dempsey
PO Box 182789                           c/o Weinstein & Riley, PS               Rickman & Associates, PC
Columbus, OH  43218-2789                2001 Western Ave., Ste 400              1755 North Brown Road
                                        Seattle, WA 98121-3132                  Lawrenceville, GA 30043-2018


Discover Bank                           (p)DISCOVER FINANCIAL SERVICES LLC      Discover Financial Services
Discover Products Inc                   PO BOX 3025                             PO Box 71084
PO Box 3025                             NEW ALBANY OH 43054-3025                Charlotte, NC  28272-1084
New Albany, OH  43054-3025


Gazelle Loans                           Great Lakes                             HAMILTON MEDICAL CENTER INC.
40 E Main St # 638                      2401 International Ln                   C/O NATIONWIDE RECOVERY SERVICE
Newark, DE  19711-4639                  Madison, WI 53704-3192                  P.O. BOX 8005
                                                                                CLEVELAND, TN 37320-8005


Brandi L. Kirkland                      Lendmark                                (p)LENDMARK FINANCIAL SERVICES
Mary Ida Townson, Ch. 13 Trustee        100 W Walnut Ave Ste 124                2118 USHER ST
Suite 1600                              Dalton, GA  30720-8439                  COVINGTON GA 30014-2434
285 Peachtree Center Ave, NE
Atlanta, GA 30303-1229


Murray Emergency Medical Services       NGRCA                                   Nissan Motor Acceptance Corp
PO Box 9150                             P O BOX 1949                            PO Box 660366
Paducah, KY  42002-9150                 DALTON,GA 30722-1949                    Dallas, TX  75266-0366


One Main Financial                      OneMain                                 PRA Receivables Management, LLC
853 Joe Frank Harris Pkwy SE            PO Box 3251                             PO Box 41021
Cartersville, GA  30120-2462            Evansville, IN 47731-3251               Norfolk, VA 23541-1021


Paypal Credit                           (p)PORTFOLIO RECOVERY ASSOCIATES LLC    Progressive Leasing
12312 Port Grace Blvd                   PO BOX 41067                            256 W Data Dr
Lavista, NE  68128-8236                 NORFOLK VA 23541-1067                   Draper, UT  84020-2315
```

Quantum3 Group LLC as agent for
MOMA Funding LLC
PO Box 788
Kirkland, WA  98083-0788

Robert Scott Rickman
Rickman & Associates, PC
Suite 200
1755 North Brown Road
Lawrenceville, GA 30043-2018

Amber LaShae Rymer
71 E. Deer Trail
Chatsworth, GA 30705-7476

Joshua Ray Rymer
71 E. Deer Trail
Chatsworth, GA 30705-7476

SYNCHRONY BANK
C/O WEINSTEIN & RILEY, P.S.
2001 WESTERN AVE., SUITE 400
SEATTLE, WA 98121-3132

Daniel R. Saeger
Rickman & Associates, P.C.
706 S Thornton Ave. Ste. D
Dalton, GA 30720-8212

Syncb/Amazon
PO Box 965015
Orlando, FL  32896-5015

Syncb/Belk
PO Box 965028
Orlando, FL  32896-5028

Syncb/TJMaxx/Old Navy
PO Box 965015
Orlando, FL  32896-5015

Syncb/ToysRUs/Belk
PO Box 965005
Orlando, FL  32896-5005

Syncb/WalMart
PO Box 965024
Orlando, FL  32896-5024

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Mary Ida Townson
Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave, NE
Atlanta, GA 30303-1259

US DEPT OF EDUCATION
CLAIMS FILING UNIT
PO BOX 8973
MADISON, WI 53708-8973

US Dept of Ed/GLELSI
PO Box 7860
Madison, WI  53707-7860

Zales GEM
PO Box 659819
San Antonio, TX  78265-9119

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Discover Bank
PO Box 15316
Wilmington, DE  19850-5316

Lendmark Financial Services, LLC
2118 Usher Street
Covington GA 30014

Portfolio Recovery Associates, LLC
POB 41067
Norfolk VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)OneMain
P.O. Box 3251
Evansville, IN 47731-3251

(d)Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

End of Label Matrix
Mailable recipients    45
Bypassed recipients     2
Total                  47